UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WITHROW NETWORKS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE, LLC, et al.,<br><br>        Defendants. | Case No. 24-cv-03203-PCP  (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 80 |

In this action, plaintiff Withrow Networks, Inc. ("Withrow") alleges that Google, LLC and YouTube, LLC (collectively, "Defendants") infringe U.S. Patent No. 10,771,849 ("the '849 patent"). The asserted patent is generally directed to technology for adaptive bitrate streaming for multimedia. *See* Dkt. No. 1 ¶ 8. Defendants now move for an order striking, in part, Withrow's infringement contentions for failure to comply with Patent Local Rule 3-1. Dkt. No. 80. Withrow opposes the motion. Dkt. No. 85. Upon consideration of the moving and responding papers, as well as the arguments presented at the July 29, 2025 hearing, the Court orders Withrow to serve amended infringement contentions that comply with the Court's direction below.

## I. BACKGROUND

On March 8, 2025, Withrow served its Patent Local Rule 3-1 disclosures, including infringement contentions regarding five accused instrumentalities, as follows:

| | Accused Instrumentality | Claims | Entity |
|---|---|---|---|
| 1 | The YouTube system and service with HLS, through any multimedia player provided by Defendants | 1, 2, 3, 4, 6, 7, and 8 | Defendants |
| 2 | The YouTube system and service with | 1, 2, 4, 6, 7, and 8 | Defendants |

|   |                                                                                                        |                    |        |
|---|--------------------------------------------------------------------------------------------------------|--------------------|--------|
|   | MPEG-DASH, through any multimedia player provided by Defendants                                        |                    |        |
| 3 | The Google Transcoder API system and service with HLS, through any multimedia player provided by Defendants | 1, 2, 6, 7, and 8 | Google |
| 4 | The Google Transcoder API system and service with MPEG-DASH, through any multimedia player provided by Defendants | 1, 2, 6, 7, and 8 | Google |
| 5 | The Google Live Stream API system and service with HLS, through any multimedia player provided by Defendants | 1, 2, 3, 6, and 7 | Google |

Dkt. No. 80 at 5. Asserted claims 1, 2, 3, 4, and 8 are method claims; asserted claim 6 is an apparatus claim; and asserted claim 7 is a system claim.

According to Withrow, for the two accused instrumentalities involving the "YouTube system and service," a "YouTube player" "requests and receives audio segments" from a "YouTube server." Dkt. No. 85 at 3. For the YouTube player, Withrow specifically identifies three player "types": (1) an iOS application, (2) an Android application, and (3) a web-based player. *Id.* at 3.

For the two accused instrumentalities involving Google's "Transcoder API system and service," Withrow explains that the API allows users to convert multimedia content into various output formats, and the resulting media can be played on at least two multimedia players: (1) Shaka Player and (2) ExoPlayer. *Id.* For the one accused instrumentality involving Google's "Live Stream API system and service," Withrow explains that the API allows users to convert live video content into different output format, and the resulting media can be played on at least Shaka Player. *Id.* at 3, 4.

For the most part, defendants do not challenge the adequacy of Withrow's infringement contentions for the YouTube system and service instrumentalities. However, they contend that Withrow's infringement contentions for the other three accused instrumentalities, involving Transcoder API and Live Stream API, do not adequately disclose how Google, as the purported direct infringer, meets every limitation of the asserted claims.

2

## II. LEGAL STANDARD

Among other things, Patent Local Rule 3-1 requires "a party claiming patent infringement" to identify for each asserted claim "each accused apparatus, product, device, process, method, act, or other instrumentality . . . of which the party is aware." Patent L.R. 3-1(b). This identification must be "as specific as possible," including "by name or model number, if known." *Id*. "[A]ll courts agree that the degree of specificity under [Patent] Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). The Patent Local Rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case," but "a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *DCG Sys. v. Checkpoint Techs., LLC*, No. 11-cv-03792-PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (internal quotations and citation omitted).

"Striking a patentee's infringement contentions is a severe sanction that should be used sparingly and only for good cause." *Avago Techs., Inc. v. IPtronics Inc.*, No. 10-cv-02863-EJD, 2015 WL 4647923, at *2 (N.D. Cal. Aug. 5, 2015) (citation omitted). As a result, "motions to strike initial infringement [contentions] are frequently treated as motions to compel amendment of the infringement contentions." *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-cv-02463-WHO, 2017 WL 76950, at *7 (N.D. Cal. Jan. 9, 2017).

## III. DISCUSSION

Defendants move to strike Withrow's infringement contentions on several grounds. The Court addresses the parties' arguments with respect to each ground.

### A. Whether the Contentions Disclose Where and How the Accused Instrumentalities Meet Each Limitation of the Asserted Claims

Defendants' principal argument is that Withrow's infringement contentions for Transcoder API and Live Stream API rely on a "muddled hash of elements that mixes and matches

3

functionalities form different products, services and standards," without explaining or describing how the accused instrumentalities infringe and where each limitation is found. Dkt. No. 80 at 3, 7, 9-16. Withrow responds that its contentions provide sufficient notice of its infringement theories because its charts for Transcode API and Live Stream API contain screenshots and "raw data" showing Withrow "actually practiced the '849 Patent claim elements using Google's systems." Dkt. No. 85 at 5. In other words, Withrow argues that it has adequately disclosed its infringement contentions by showing how *Withrow*, using a Google demo video, practiced all the steps of the claimed methods using, for example, Shaka Player, a multimedia player developed by Google that complies with a specific standard, to play back multimedia converted using Google's Transcoder API, and by showing how those components comprise the apparatus and system claimed. *Id.* at 5-7; Dkt. No. 80-5 (chart 3).

  The Court has carefully reviewed Withrow's contentions for Transcoder API and Live Stream API (in combination with other components), as well as Withrow's explanations of its contentions provided in its opposition. The Court agrees with Defendants that Withrow's infringement contentions do not provide reasonable notice of "where and how" each limitation of each asserted claim is found because Withrow has not explicitly disclosed what its contentions *are*, as required by Patent Local Rule 3-1(c). Instead, Withrow relies on screenshots and snippets of text or data, with little explanation, from which it expects Defendants and the Court to *infer* what its contentions must be. However, it is not always self-evident from Withrow's current disclosures how the accused instrumentalities practice each limitation of each claimed method or constitute a device or system that meets each limitation of each claimed apparatus or system. *See, e.g., AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.,* No. 20-cv-08624-JST (VKD), 2024 WL 1182929, at *3 (N.D. Cal. Mar. 18, 2024) (explaining the disclosure required). Withrow's opposition, and the explanations offered at the oral argument, indicate that it can do better.

  In lieu of striking Withrow's contentions for Transcoder API and Live Stream API, the Court orders Withrow to amend those contentions to address these deficiencies.

4

### B. Whether the Contentions Disclose Withrow's Theories of Direct Infringement Against Google

For the accused instrumentalities involving Transcoder API and Live Stream API, Withrow asserts that Google directly infringes each asserted claim. Defendants argue that even if Withrow amended its contentions to map each limitation to the accused instrumentalities, it has nevertheless failed to disclose the basis for its theory that *Google* directly infringes. Dkt. No. 80 at 2. Specifically, Defendants argue that Withrow mixes and matches different products and services without any explanation or support for its contention that *Google* practices the claimed methods or that *Google* offers or sells the claimed apparatus or system. *Id.* at 5-7, 11-12. Withrow responds that all of the components that comprise the accused instrumentalities are created or sold by Google and that, "when they are used together, they create a system and service" that infringes the asserted claims. Dkt. No. 85 at 4. Indeed, Withrow argues that "[i]t does not matter if Defendants intended any such combinations or whether there is any justification for such combinations." *Id.* at 5.

To the extent Defendants argue that Withrow has not, in fact, alleged a viable claim of direct infringement by Google, that argument is best reserved for summary judgment or other merits proceedings. However, to the extent Defendants contend that they cannot discern *what* Withrow asserts Google does that constitutes direct infringement of the asserted claims, the Court agrees that Withrow must amend its contentions to make its theories of direct infringement clear. In particular, Withrow must disclose whether it contends Google directly infringes only when Google uses the accused instrumentalities, or also when others use the accused instrumentalities, or when something else occurs. Withrow must also disclose whether it contends Google offers or sells the accused instrumentalities in a form that comprises an infringing apparatus or system, or whether it contends that infringement occurs only when and if others combine and use the accused components in an infringing manner, as Withrow suggests in its opposition.

The Court orders Withrow to amend its contentions for the accused instrumentalities involving Transcoder API and Live Stream API to make its theories of direct infringement clear.

### C. Whether the Contentions Improperly Rely on "Representative" Components

Defendants argue that Withrow's contentions do not comply with Patent Local Rule 3-1(c), which requires "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality," because they purport to encompass several uncharted components. Defendants argue that Withrow has not shown the charted components are representative of any such uncharted components. Dkt. No. 80 at 10; Dkt. No. 89 at 9-10. Withrow responds that with respect to Shaka Player and ExoPlayer, charting Shaka Player alone is sufficient because "any media player" that complies with the applicable standard—here, HLS or MPEG-DASH—will meet each limitation of each asserted claim in the same way that Shaka Player does. Dkt. No. 85 at 11-12.

Withrow concedes that, at this time, it is aware of only two players, Shaka Player and ExoPlayer, that meet the limitations of the asserted claims when combined with other necessary components. Dkt. No. 85 at 16. It is well-established in this district that contentions may be made on a "representative" basis only when supported by adequate analysis showing that the charted and uncharted instrumentalities share the same critical characteristics. *See Uniloc 2017 LLC v. Apple, Inc.*, No. 19-cv-01929-EJD (VKD), 2020 WL 978678, at *3 (N.D. Cal. Feb. 28, 2020) (citing authority). Thus, it is not enough for Withrow to merely state that Shaka Player is representative of ExoPlayer, or "any media player"; it must explain in its contentions why Shaka Player is representative of another player. *See id.* Withrow may not rely on its discovery correspondence with Defendants, or Google's purported understanding of its own players, to fill in this gap in its contentions. *See* Dkt. No. 85 at 13.

Accordingly, if Withrow contends that Shaka Player is representative of ExoPlayer, it must disclose why that is the case if it wishes to rely on infringement contentions based on Shaka Player as a representative multimedia player. Otherwise, Withrow must separately chart distinct infringing combinations.

### D. Whether the Contentions Improperly Rely on Open-Ended Language

Defendants argue that Withrow fails to identify each accused instrumentality that it infringes, as required by Patent Local Rule 3-1(b), to the extent its contentions use open-ended

language—specifically, "any multimedia player," "all Defendant Servers," "all Google Pixel Phones," and "all Google Pixel Tablets." Dkt. No. 80 at 12-13, 16-17. Withrow responds that it should be permitted to refer to the accused components in this manner because it really does mean to identify *all* such players, servers, phones, and tablets, and there is no meaningful distinction to be made between or among different players, servers, phones, or tablets, so long as they are all created or provided by Google. *See* Dkt. No. 85 at 20.

The Court is not persuaded that Withrow's contentions adequately disclose the accused components on which it relies, especially for those components for which the contention is made only on "information and belief." *See, e.g.,* Dkt. No. 80-5 at ECF 38. Patent Local Rule 3-1(b) requires the identification of accused instrumentalities to be "as specific as possible," including "by name or model number, if known." Patent L.R. 3-1(b). Courts in this district have consistently enforced this disclosure requirement. *See Uniloc USA, Inc. v. Apple Inc.,* No. 18-cv-00360 WHA, 2018 WL 3219486, at *3 (N.D. Cal. July 2, 2018) (rejecting "use of strategic open-ended language" like "Apple tablets" and limiting patent holder to "the accused products actually listed in its infringement contentions"); *Geovector,* 2017 WL 76950, at *4 ("Rule 3-1(b) does not permit parties to identify accused products by using categorical or functional dentifications, or limited, representative examples," such as "all 'tablets' shipped between 2010 and 2013"); *Oracle Am., Inc. v. Google Inc.*, No. 10-cv-03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) ("The Patent Local Rules . . . [do] not tolerate broad categorical identifications like 'mobile devices running Android' . . . .").

The Court grants the motion to strike Withrow's contentions to the extent they rely on "any multimedia player," "all Defendant Servers," "all Google Pixel Phones," and "all Google Pixel Tablets." If Withrow has a Rule 11 basis for its contentions as to particular components, then it may amend its contentions to identify those components as Patent Local Rule 3-1(b) requires. As noted above, if appropriate, identified components that share all critical characteristics may be charted using a representative component.

### E.     Whether References to Google TV Should Be Stricken

Defendants ask the Court to strike all of Withrow's references to "Google TV," observing

7

1   that Withrow has so far disclosed no contentions identifying Google TV as an accused
2   instrumentality or showing where and how it meets each limitation of an asserted claim. Dkt. No.
3   80 at 18-19. Withrow acknowledges that it is unable to provide infringement contentions for
4   Google TV because the information it requires—i.e., the multimedia stream from Google TV—is
5   encrypted. Dkt. No. 85 at 21. For this reason, Withrow separately asks the Court to order
6   Defendants to provide discovery about Google TV. *Id.* (citing Dkt. No. 81).

7   The Court finds no reason to strike Withrow's references to Google TV, as those
8   references clearly do not constitute infringement contentions. The Court will separately address
9   Withrow's efforts to obtain discovery about Google TV in the order resolving the parties'
10  discovery dispute.

11  **IV.    CONCLUSION**

12  As explained above, the Court grants in part and denies in part Defendants' motion to
13  strike Withrow's infringement contentions. However, where the Court has found Withrow's
14  contentions do not comply with Patent Local Rule 3-1, the Court either requires or permits, as
15  specified above, Withrow to amend its contentions to address the deficiencies identified in this
16  order. Withrow may not make other amendments to its contentions unless Defendants agree or
17  Withrow obtains leave of Court to do so. Withrow's amended infringement contentions must be
18  served by **September 5, 2025**.

19  **IT IS SO ORDERED.**

20  Dated: August 21, 2025

Virginia K. DeMarchi
United States Magistrate Judge

8