UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WITHROW NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, LLC, et al., <br><br> Defendants. | Case No. 24-cv-03203-PCP (VKD) <br><br> **ORDER RE MAY 16, 2025 DISCOVERY DISPUTE RE DISCOVERY OF TRANSCODER API, LIVE STREAM API, AND GOOGLE TV** <br><br> Re: Dkt. No. 81 |

The parties ask the Court to resolve their disputes about whether plaintiff Withrow Networks, Inc. ("Withrow") may obtain discovery of defendants Google LLC and YouTube LLC ("Defendants") regarding the accused instrumentalities involving Transcoder API and Live Stream API, and the as-yet-unaccused Google TV. Dkt. No. 81. The Court heard oral argument on this dispute on July 29, 2025. Dkt. Nos. 94, 99.

### 1. Transcoder API and Live Stream API

As the parties acknowledge, the sufficiency of Withrow's infringement contentions regarding Transcoder API and Live Stream API (in combination with other components) is the subject of a separate motion, which the Court recently resolved. *See* Dkt. No. 100. Defendants object to Withrow's requests for discovery regarding accused instrumentalities for which inadequate contentions have been provided. Dkt. No. 81 at 4. Withrow advocates for discovery solely on the ground that its contentions as to Transcoder API and Live Stream API comply with Patent Local Rule 3-1. *Id.* at 2-3. Defendants advise that, with the exception of the discovery dispute filed at Dkt. No. 82, they expect to be able to resolve any other objections regarding the discovery at issue without the Court's assistance. *Id.* at 4.

1  As a general matter, a party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). The parties do not discuss the particular discovery requests at issue—Defendants' Interrogatory No. 2 and Requests for Production Nos. 1-4, 6, 8, 10, 12, and 15-20. Nor do they address whether any of the disputed discovery requests are objectionable because they are within the scope of Patent Local Rule 2-5, subparagraphs (a)-(d). *See* Patent L.R. 2-5 ("Except as provided in this paragraph or as otherwise ordered, it shall not be a ground for objecting to an opposing party's discovery request . . . that the discovery request . . . is premature in light of . . . these Patent Local Rules, absent other legitimate objection."). Rather, the parties appear to assume that resolution of this dispute turns on whether Withrow's infringement contentions for Transcoder API and Live Stream API comply with the Patent Local Rules.

As reflected in the Court's separate order, the Court has identified deficiencies in Withrow's infringement contentions for the accused instrumentalities involving Transcoder API and Live Stream API, which require some amendments and permit others to be made by **September 5, 2025**. Dkt. No. 100. Because all of the disputed discovery requests refer to "Accused Instrumentalities," which Withrow has defined by reference to its Patent Local Rule 3-1 contentions, the anticipated amendments to those contentions likely will impact the scope of the requested discovery. Accordingly, the Court will not require Defendants to respond to the disputed discovery requests until Withrow serves its amended contentions. The Court expects Defendants to respond to the disputed requests promptly after receiving Withrow's amended contentions.

**2. Google TV**

As Withrow acknowledges, Google TV is not an accused instrumentality, and Withrow has not served any infringement contentions regarding it. Dkt. No. 81 at 2. However, Withrow asserts "on information and belief" that Google TV uses the HLS and MPEG-DASH streaming standards, and likely infringes. *Id.* at 2, 4. Withrow argues that it has been prevented from fully developing and disclosing infringement contentions for Google TV "because Google TV's media streams are encrypted." *Id.* at 4. Defendants object to providing discovery regarding Google TV unless and

1    until Withrow articulates how Google TV infringes one or more claims of the '849 patent. *Id.* at 6.

During the hearing on this dispute, Withrow advised that it could chart Google TV against the asserted claims based on public information with respect to all but a few limitations. *See* Dkt. No. 99 at 63:14-65:12; 66:18-25. In addition, Withrow explained that it could articulate a reasonable basis for its belief that Google TV met the few limitations it could not chart, and that it could specifically identify the non-public information it would require to complete its infringement contentions or determine that Google TV does not, in fact, infringe. *See id.* at 67:14-68:9; 70:18-71:2. Based on these representations, the Court concludes that the most expeditious way to resolve this part of the discovery dispute is as follows:

1. By **September 5, 2025**, Withrow must serve infringement contentions for Google TV that comply with the requirements of Patent Local Rule 3-1, to the extent it is able to do so.

2. The Google TV contentions shall clearly identify any limitations for which Withrow contends it requires discovery of non-public information from Defendants. For each such limitation, Withrow must articulate the basis, if any, it has for believing that Google TV meets the limitation, and it must identify the information it requires to confirm that belief.

3. The parties shall confer promptly regarding the information Withrow indicates it requires, and shall file a joint status report by **September 19, 2025** advising the Court whether a dispute remains about whether Withrow should be permitted to obtain the information, and if so, the parties' respective proposals for resolving that dispute.

**IT IS SO ORDERED.**

Dated: August 21, 2025

Virginia K. DeMarchi
United States Magistrate Judge

3