1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6          SAN JOSE DIVISION

7

8   WITHROW NETWORKS, INC.,                  Case No. 24-cv-03203-PCP (VKD)

9              Plaintiff,

10      v.                                    **ORDER RE MAY 16, 2025 DISCOVERY
                                              DISPUTE RE RELEVANT TIME
11  GOOGLE, LLC, et al.,                      PERIOD**

12             Defendants.                    Re: Dkt. No. 82

13

14          Plaintiff Withrow Networks, Inc. ("Withrow") and defendants Google LLC and YouTube

15  LLC ("Defendants") ask the Court to resolve their dispute regarding the relevant time period for

16  Withrow's discovery of documents reflecting Defendants' "design considerations" relating to

17  development of the accused instrumentalities.  Dkt. No. 82.  The Court heard oral argument on

18  this dispute on July 29, 2025.  Dkt. Nos. 94, 99.

19          Withrow argues that Defendants should be required to produce documents responsive to

20  Withrow's Requests for Production ("RFPs") Nos. 5, 7, 9, 11, 13, and 14 from 2007 to the present,

21  arguing that this discovery is relevant to Withrow's calculation of damages.  Dkt. No. 82 at 1, 2-3.

22  Defendants object that there is no justification for discovery spanning an 18-year period, when the

23  relevant date for damages-related discovery is September 2020.  *Id.* at 4-5.

24          As the parties acknowledge, Defendants began using adaptive bit rate streaming in 2009,

25  over a decade before the '849 patent issued in September 2020.  To the extent Withrow contends

26  that information concerning alternative streaming technologies is relevant to the damages analysis,

27  the relevant time frame for consideration of the *Georgia-Pacific* factors and the hypothetical

28

United States District Court
Northern District of California

negotiation[1] is the time frame around the date of first alleged infringement—i.e. September 2020. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 76 (Fed. Cir. 2012) ("[T]he basic question posed in a hypothetical negotiation is: if, on the eve of infringement, a willing licensor and licensee had entered into an agreement instead of allowing infringement of the patent to take place, what would that agreement be?").  While no per se rule bars all damages-related discovery that pre-dates the date of the hypothetical negotiation, Withrow must nevertheless demonstrate that the discovery it seeks is relevant to a claim or defense and proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  With respect to damages, Withrow offers no support for its suggestion that the circumstances pertinent to Defendants' decision to use adaptive bit rate streaming in 2009 are the same as or similar to the circumstances prevailing in September 2020, or that there is any other reason to believe that documents reflecting Defendants' design considerations dating back to 2007 would have any bearing on the factors pertinent to a hypothetical negotiation occurring in 2020, including Defendants' available design choices at that time.[2]

The Court does not mean to suggest that all documents pre-dating the hypothetical negotiation are irrelevant.  Rather, the Court concludes that Withrow has not shown that discovery of Defendants' documents responsive to RFPs 5, 7, 9, 11, 13, and 14, from 2007 to the present, is relevant or proportional to the needs of the case.  Accordingly, the Court denies Withrow's request for an order compelling this discovery.

///

///

---

[1] *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) (factors 9, 10, and 11).

[2] During the hearing, in response to questioning from the Court, Withrow asserted that Defendants currently have no non-infringing alternatives, other than to revert back to the older, server-based streaming technology they used before switching to adaptive bit rate streaming in 2009.  Dkt. No. 99 at 72:20-74:14.  Even crediting this argument, the Court is not persuaded that Withrow is entitled to discovery of Defendants' design considerations dating back 18 years when nothing prevents it from seeking discovery of non-infringing alternatives available at the time of the hypothetical negotiation.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: August 22, 2025

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California